UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HAIRSTON,

              Plaintiff,                      Case No. 16-cv-12668
                                                  Hon. Matthew F. Leitman

v.

CITY OF DETROIT, *et al.*,

              Defendants.

_____/

## ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) AND CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH

### BACKGROUND

Plaintiff John Hairston ("Hairston") has filed a *pro se* civil rights action under 42 U.S.C. § 1983. (*See* Compl., ECF #1.) Hairston is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. The Complaint names the City of Detroit, the State of Michigan, and seven law enforcement officers as defendants. The Michigan Department of Corrections website indicates that Hairston is currently serving a term of 6 to 20 years for his Wayne Circuit Court guilty plea conviction of possession of with intent to deliver between 50 and

1

449 grams of cocaine. The website indicates the offense occurred on October 27, 2011.[1]

In the Complaint, Hairston alleges that on October 27, 2011, the defendant police officers executed a search warrant by breaking down the door of his residence and forcing the occupants to lie on the floor. (*See id.* at 6, Pg. ID 6.) After evidence was gathered, an officer placed Hairston under arrest and asked if he wanted to make a statement.     (*See id.*)   Hairston declined and asked to be returned to his young daughter who was crying in another room.   (*See id.*)   An officer told Hairston that Child Protective Services would pick up his daughter unless he made a statement.  Hairston then made a statement to police, and he was told that he could avoid criminal charges if he could provide the name of any drug dealer who had a larger amount of drugs.  (*See id.*)   According to the Complaint, the officers then removed Hairston's handcuffs and told him he had two weeks to deliver someone or he would face charges. (*See id.* at 2-3, Pg. ID 2-3.)   The officers then left the house.

The Complaint alleges that Hairston was unable to comply with the agreement, and two months later he was arrested and charged in connection with

[1] Pursuant to Federal Rule of Evidence 201(c), the Court may take judicial notice of the information provided on OTIS.  *See Daly v. Burt*, 613 F. Supp. 2d 916, 920 n.2 (E.D. Mich. 2009); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

the evidence obtained during the October 27, 2011, search.   (*See id.* at 3, Pg. ID 3.)  Hairston claims that the statements made in the affidavit for the search warrant were false and unreliable.   He claims that the defendants therefore violated his Fourth and Fourteenth Amendment rights by invading his home and conducting an illegal search and seizure.  (*See id.* at 8, Pg. ID 8.)  He also alleges that his Fifth and Fourteenth Amendment rights were violated when he was coerced into making a statement to the officers.  (*See id.* at 9-10, Pg. ID 9-10.)  Hairston seeks $600,000 in compensatory damages, $300,000 in punitive damages, and "any further relief this Court may deem proper."  (*Id.* at 4, Pg. ID 4.)

## <u>GOVERNING LEGAL STANDARD</u>

The Court must dismiss a prisoner's complaint or any portion of the complaint if the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

3

doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## <u>ANALYSIS</u>

Section 1983 of Title 42, United States Code,

> creates a private right of action to vindicate violations of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Under the terms of the statute, "'[e]very person' who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983).

*Rehberg v. Paulk*, __ U.S. __, 132 S. Ct. 1497, 1501-02 (2012). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state

4

law." *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Moreover,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original).  *Heck* and its progeny "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

The United States Court of Appeals for the Sixth Circuit has explained that "*Heck* bars § 1983 Fourth Amendment claims where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the

evidence from exclusion." *Harper v. Jackson*, 293 Fed. App'x. 389, 392 (6th Cir. 2008) (emphasis in original); *see also Fox v. Michigan State Police Dep't.*, 173 Fed. App'x 372, 377-78 (6th Cir. 2006) (explaining that *Heck* bars § 1983 Fourth Amendment claim that, if successful, would impugn defendant's criminal conviction).  That is precisely the case here.  Hairston's Complaint makes clear that the allegedly-unlawful search produced all of the evidence against him.  In his words, the charges against him were based on "the evidence obtained during the [allegedly] illegal search of his home on 10/27/2011."  (Compl., ECF #1 at 7, Pg. ID 7.)  And Hairston has failed to identify any doctrine that could save the evidence from exclusion.

Hairston's Complaint is barred by *Heck* because he has not shown that his conviction was invalidated by state officials or called into question by a federal court on habeas corpus review.  Thus, success in this action would necessarily demonstrate the invalidity of his conviction.

## CONCLUSION

For the reasons provided above, **IT IS HEREBY ORDERED** that the Complaint (ECF #1) is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a plausible claim for which relief may be granted.

**IT IS FURTHER ORDERED THAT** an appeal from this order would be frivolous and could not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 29, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

7